Thank you very much. Thank you, Your Honors. May it please the Court. First, in terms of the issue of jurisdiction, I hope that my August 2nd brief explained a panelist's position, that his affidavit, his document of November 1st, substantially complied with the requirements of a Notice of Appeal, and according to case law, and furthermore, that apparently waived its right to object, because it obtained a ruling of the district court regarding this document. The district court held that it was constructively filed and it constituted a Notice of Appeal, and apparently did not object at that time. Could I just ask two questions on that, sir? Sure. I don't know that if there's a lack of subject matter jurisdiction that it can ever be waived, but I guess I'd like your thoughts on that. And secondly, one of the points you made in your brief was that substantial compliance has been found in cases where the client would be subjected to the penalties of perjury. And in this case, the IFP application wasn't signed by your client, so I gather under those circumstances he wouldn't be subjected to the penalties of perjury. I'm not necessarily hostile to your position, but I just wanted to make sure that I understood where you were on those questions. Certainly. In terms of the first, can subject matter jurisdiction be waived? The answer is no, it can't be waived, in my opinion. But in this case, the district court made a finding that there was subject matter jurisdiction. So if there had not been a finding and we were just left with this open thing, there'd be some real problems because subject matter jurisdiction cannot be waived, to the best of my knowledge and my belief. But since there was a finding that there was subject matter jurisdiction, at that point in time, Apelli should have objected. Apelli received the document from the court. Apelli had notice. Apelli did not object at that time. That's what we're basing the waiver argument on. But I absolutely agree with you. Subject matter jurisdiction cannot be waived. What about the absence of the signature, though? Well, my feeling is he typed in his name. He substantially complied. But my sense is if he was tried for perjury based on typing in his name and based on the inference that he intended to pass this document off as a legitimate document, he would be subject to a criminal prosecution for perjury. Now, in this case, he said in the document that he was sending this to the district court. The district court got it. And the district court, in its subsequent ruling a couple of months later, referred to this very document that Mr. Wagner had said that he sent to them. So, therefore, he didn't perjure himself. His statement was true. But if it wasn't true, I believe that he would be subject to a criminal prosecution, even though he didn't sign it, because the typing in of the name is an attempt to, in effect, substitute for the signature. It's clear that he presented his type name in lieu of the signature. Okay. And so my feeling is that would make him criminally liable. All right. Thank you. You're welcome. Now, in terms of the name. Were you going to go on to the merits of the Perez issue? Yeah. I was going to get to that right now. Yeah. Let me ask you. Is count one, possession of pseudofedrin with intent to manufacture, that's the only count that's affected by that argument, if I understand correctly? He was also convicted of possession of methamphetamine for sale. That's not affected by the Perez argument. Well, that's not appellant's position. Appellant's position is that because he was prosecuted and convicted for something that, according to the law, the highest court in the state of California, in People v. Perez, said that he could not be convicted for, that that prejudiced him and made it more likely that he would be convicted on the other. So does it directly affect the other? The answer is no. But indirectly, our argument is that it does. Okay. Let me ask you this. Suppose we don't agree about the spillover, but we do agree with you about the insufficiency of evidence for count one. Okay. You follow me? Yeah. Well, that's part of the matter. Will that do him any good? He's still serving a 25 to life sentence on the other charges, isn't he? Yes, he is. But then we get to the other arguments about the expert witness invading the providence of the jury. And if he prevails on those arguments, then he's home free across the board. But assuming that he doesn't prevail on those arguments and he only prevails on the first, in my opinion, you're correct. Your analysis is correct. Okay. Got you. Thank you. So what did you get to the merits? In terms of his criminal prosecution for violating Health and Safety Code Section 113837, Division C, the highest court in the state of California, the California Supreme Court, said in People v. Perez, 35 Cal 4, 1219, pages 1227 to 1234, that absent proof of intent to personally participate in the manufacturing of methamphetamine, a defendant cannot be convicted as a direct violator. And without proof of a criminal act by an accomplice to which the defendant contributed, the defendant cannot be convicted as an aider or abetter either. The statute requires evidence that either Mr. Wagner or his co-defendant personally intended to participate in the manufacture of methamphetamine. That's lacking here. So legally, Mr. Wagner should not be, should not have been convicted of that crime. Now, his conviction violates the holding of the United States Supreme Court in Patterson v. New York, 432 U.S. 197, page 215, which prohibits the state from shifting the burden of proof to the defendant by presuming the intent to manufacture methamphetamine based on proof of the other element, possession of cold medicine. So on that basis, appellant's position is that the opinion of the California Court of Appeal was contrary to clearly established United States Supreme Court law. Okay. We have about two and a half minutes left. Do you want to reserve some time? I think we understand. Yes, I do. My preference would be to reserve the rest of the time for rebuttal. Very good. Thank you very much. We'll hear from government. Thank you, Your Honor. Good afternoon. May it please the Court. I'm Kevin Vienna, a Deputy Attorney General for the State of California. The — I — you asked a question about whether there was an argument that — or there is some argument that puts count two, possession for sale, at risk before this Court. I don't believe there is. I carefully looked at the certified issues, and I don't — and there's just nothing that applies to count two. And if the Court agrees with me, that takes a lot of pressure off me for the Perez argument. Well, let me ask you the same question I asked Mr. Sees. If we agree with him on the Perez argument and were to say he's entitled to relief on count one, he's not going anywhere, is he? That's correct, Your Honor. I — although it appears to me that there would be some correction required by the California courts. For example, he would have to have his abstract of judgment corrected by the Superior Court. Right. They'll just do some paperwork change, but he's — his sentence isn't going to change. Correct. He was sentenced to concurrent sentences, concurrent three-strike sentences, both on count one, the possession for manufacture, and on count two, possession for purposes of sale. And your argument is that the issue was not preserved, the — what was characterized as a spillover issue, that issue was not preserved either in the State courts or in the issues that were certified here. I agree with that, Your Honor. That is, I don't believe — and I don't believe it is an issue that was presented in the district court. And it wasn't exhausted in the State courts, by any chance? Not in that form. That was not exhausted. Well, I think his argument is that the potential exclusion of the expert testimony and the potential finding of a prosecutor on misconduct affects the possession count. Do you disagree with that? Yes, I disagree. I mean, it was pretty clear, both in the presentation of the evidence and the argument, that there were two separate — sort of two separate instances involved. One is Mr. Williams and Mr. Wagoner walking out of the Target with an unexplainable amount of cough medicine, and the other is that those two had in Mr. Williams' car four-and-a-half — not quite four-and-a-half grams, somewhere between 40 and 60 doses of methamphetamine. And both the argument — there was no spillover in the argument. That is, the contested issue in argument and the contested issue on the expert's opinion was limited simply to whether there was possession with the intent to manufacture methamphetamine. The objection arose when the expert witness said, when he was listing the factors on which he relied, his belief that Mr. Wagoner had purchased himself cold medicine at the Target store, and there was an objection that said that's not in evidence. It was a proper objection because that wasn't in evidence at that point, or it was proper certainly to point out that that part of the hypothetical or shorthand hypothetical, there was no evidence before the jury at that point. Was there any objection to the expert's opinion that the 40 or 60 doses in the car were possessed for sale? No, none at all. Nor do I think that is objectionable. That is the type of evidence that occurs in California courts, sadly, probably dozens of times a day. I don't think an officer can testify to that. An officer is required to qualify as an expert, and typically that requires some training and experience. But it is a permissible subject for expert testimony, and that is that given certain conditions, those appear to indicate possession for sale. And it could hardly be other than harmless beyond a reasonable doubt in this case. Mr. Williams had or Mr. Williams and Mr. Wagner had in the car, as I said, 60 doses of gram scale and separate bagging materials. And Mr. Williams admitted that he was engaged in the sale of methamphetamine. Okay. Let's move to Perez then. Perez presents what is for me a fascinating issue, I believe, and my congratulations to opposing counsel for discovering it. But I don't think it necessarily solves what's going on here. I think he is correct. Perez indicates, I believe, although our argument in the briefing was sort of equivocal about this, I believe that Mr. Wagner was convicted on the theory that he was an aider and abetter of some future manufacturer. And Perez makes clear that that is not a proper basis for prosecution. But I think the problem faced by Mr. Wagner right now is that that claim arises under Fiore v. White, 531 U.S. 225. That is, it is a separate standing due process claim. He cannot be convicted or he cannot continue to be imprisoned for something that the California Supreme Court has decided now was not a crime. The difficulty is that Perez happens almost a year, 11 months by my calculation, after the conviction had become final for Mr. Wagner. Didn't they say they were just clarifying existing law? I think they did two things. Well, I think they did two things. It might be incorrect to say that they clarified the law on aider and abetter liability, or I can't say that with complete confidence because there was case law in advance that said you had to have an actual perpetrator, an actual crime or an actual attempt crime for someone to be an aider and abetter. What they did, what they clarified was an argument that doesn't seem to have been made in Mr. Wagner's trial, that possession, that the statute was violated if you had possession with the intent for anyone to manufacture. And the Court made clear that the statute didn't cover that sort of possession. But the reason I say that I think it's interesting, that the chronology makes it interesting, is because, well, no freestanding due process claim has been made. So that takes us back to was the state court decision contrary to clearly established United States Supreme Court precedent? And typically we look at that as of the date of finality. And as of the date of finality, it was, in fact, correct. And although sort of accidentally, I think there's a good argument to be made that the district court did it right. That is, they accepted the law as expressed by the court of appeal, because as we know from Bradshaw v. Ritchie, a district court is bound or a federal court is bound by the expression of law by a state court, including a state court of appeal in the very same case. Now, as I said, I believe that Mr. Wagner has, is entitled to relief and that he can still get it in the State of California. That is, I don't think it's too late for him to file a habeas corpus petition because of exceptions to timeliness, for example, or successive petitions. And I think, so I think he would be heard and I think he has a valid claim in that regard. But I think that is a different claim from a claim that attacks the sufficiency of the evidence. And where does that claim get him? Well, I don't think it gets him, unless somehow, sometime, on some theory that's not before this court now, there's a successful challenge to possession for sale, and actually to simple possession. And the simple possession, if he were to be acquitted of possession for sale, and it was clear that that was limited to the expert opinion, then I think it should go back to the state court where the simple possession charge, which was dismissed because it was a lesser-included offense, could be a risk. But if possession for sale conviction is good, it doesn't matter whether this claim gets adjudicated now or later. He's still doing 25 years plus, isn't he? Yes, Your Honor. Yes, I think that's correct. In fact, in its own kind of weird way, it would be to your advantage to have that taken care of now and get this thing closed off and you can go about your business. Because I'd have less work to do? Well, I appreciate the sentiment. I mean, it's a matter of judicial economy. I mean, if the claim is ultimately viable and if there's some way we can, without doing violence to the rules, pigeonhole it in and dispose of it, then we can stamp this one closed. Yes, Your Honor. And if this matter were resolved in that way, that is, in a way that preserved the conviction on Count 2, and in recognition of what I think is a concession, that Count 1 is not a proper conviction, although there is a question about how he gets to it, how he properly gets to it, my office would not take any further action. To jurisdiction, do you have anything to add to your letter, Reeve? Nothing to add except I think the questioning of the Court already addressed it. That is, because the notice of appeal is jurisdictional, I don't think it can be waived. And as a prosecutor, I seriously doubt that we could convict Mr. Wagner of perjury where he had not signed the service document. Well, there's some authority to the effect that if you signed another document in penalty perjury and it's attached, that that's sufficient to satisfy the requirement. As a matter of theory, what do you think about that? As a matter of theory, I think it might work, except for this circumstance. And that is, what's important on the service document? There is a separate attestation, I think, that goes on between the notice of appeal and the service document, because the notice of appeal is simply him saying, or what gets construed as one, is him saying that I want to appeal. But it has to apply on the service document because that is the only thing, that's the only evidence before the Court of when you could go to for constructive ‑‑ for constructive filing. So I see those documents as independent in that regard. Do you find some irony in the fact that he would not have been required and was not required to serve the notice of appeal on you? Well, I think the rule ‑‑ I believe the rule says that the Court must serve it. Some irony? It's pretty clear that ‑‑ I mean, it's a little bit ‑‑ I mean, theoretically, it's a little bit inconsistent to say on one hand, this is an absolute service requirement. He has to sign it. He has to follow the rules. But if he just sent a notice of appeal, he'd have to do none of those. The ‑‑ I think ‑‑ what I would say is that I think what he did would have been satisfactory without question if he were ‑‑ if his appeal didn't depend on constructive ‑‑ on constructive filing. I think we have your argument. Any further questions? Thank you. Thank you, Your Honor. Thank you for the concessions you made, too. Yes. In rebuttal, I would point out that in terms of the service document, we do have substantial compliance. He did type his name in. And, of course, I respectfully disagree with Appelli on his liability for perjury. I think that there would be liability for perjury, which means that his substantial compliance is legally sufficient. In terms of the argument that there are two separate incidents, I disagree with that. They were, at the same time, they were completely connected. I mean, Mr. Wagner and Mr. Williams were stopped by the police. They were taken to the car. At that point in time, the car was searched, and they found this evidence there, which Mr. Williams stated under penalty of perjury was his. But in any event, our argument is that they were not two separate incidents. They were connected. But you're making a Jackson challenge to the ‑‑ to count one. And you're not making a Jackson challenge to count two, correct? I mean, apart from what you've characterized as the prejudicial effect, you're not saying that the evidence on count two is insufficient. Right. So you're raising other types of challenges to count two. And other than arguably the one about the expert opinion, where were those exhausted in the State courts or set forth in the habeas petition? The expert opinion and the prosecutorial misconduct. Okay. So it's those two. Right. But I agree with what you just said. Okay. In terms of Perez, Perez did not change Session 11383C at all. It simply explained it and clarified it. And Perez was in effect at the time that the California Court of Appeals issued its opinion. With that, Appellant Wagner respectfully submits, and I thank the Court for its time. Thank you. Thank you very much. Thank both of you. And I know it was the only time we could get together for this argument, and we wanted to hear it. We thought it was an important case to hear both of your arguments. So thank you for coming. Thank you for making the arrangements for video. With that, the case will be submitted. Thank you. Thank you.
judges: Fogel, Thomas, Silverman